**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTOINE KHOURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 5452 |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | JUDGE DAVID H. COAR |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 30, 2007, this Court issued an order reversing and remanding the administrative denial of Plaintiff's application for Social Security disability insurance benefits. The Court held specifically that: (1) The administrative law judge's credibility determination was insufficient as a matter of law because he failed to discuss the factors outlined in 20 C.F.R. §§ 404.1529(c) and 416.929(c) and required by Social Security Ruling 96-7p; and (2) The ALJ committed legal error at step five of the required analysis[1] because he did not make the necessary inquiry into the vocational expert's testimony.

Plaintiff currently moves for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Under the EAJA, the Court may award attorneys' fees where: (1) the claimant was a prevailing party; (2) the Government's position was not substantially

---

[1] As the Court's September 30, 2007 Order recites, the ALJ had to conduct a five-part inquiry to determine whether Khoury was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520. This required the ALJ to evaluate:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner], *see* 20 C.F.R. § 404, Subpt. P, App. 1; (4) whether the claimant can perform her past work; and (4) whether the claimant is capable of performing work in the national economy.

*Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

- 1 -

justified; (3) no special circumstances would make an award unjust; and (4) the fee application was timely and complete. *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A)). The only issue in dispute is whether the Government's position was substantially justified.

The Government's position was substantially justified if it was "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). The Government bears the burden of proving that its position was substantially justified and meets this burden by demonstrating that "(1) it had a reasonable basis in truth for the facts alleged, (2) it had a reasonable basis in law for the theory propounded, and (3) there was a reasonable connection between the facts alleged and the theory propounded." *Kholyavskiy*, 561 F.3d at 691.

Defendant, the Commissioner of Social Security, contends that Plaintiff's motion for attorneys' fees should be denied because the Commissioner was substantially justified in defending this case. Specifically, the Commissioner argues that his defense of the ALJ's credibility determination was substantially justified because this Court identified "some support" in the record for that determination. (Dkt. 27 at 11.) The merits of the Commissioner's argument are debatable. However, the Court need not delve into the merits because the Commissioner makes no attempt to demonstrate that any of his other arguments were substantially justified. Most importantly, the Commissioner fails to address the Court's second finding, that the ALJ committed legal error at step five of the analysis. The Commissioner bears the burden of demonstrating that his position was substantially justified. *See Kholyavskiy*, 561 F.3d at 691. The Commissioner carries this burden with respect to his entire position and offers

no case law suggesting otherwise. In failing even to address his argument that the ALJ did not commit error at step five of the analysis, the Commissioner cannot meet his burden to demonstrate that his position was substantially justified. Because the parties concede that Plaintiff meets the other requirements for attorneys' fees under the EAJA, Plaintiff shall be awarded attorneys' fees.

The Court must now determine the amount of Plaintiff's award. Plaintiff requests attorneys' fees totaling $14,175.49. His calculation breaks down as follows: 37.25 attorney hours at $151.25 per hour totaling $5,634.06 in 2004, 45.5 attorney hours at $156.25 per hour totaling $7,109.38 in 2005, 3.6 attorney hours at $160 per hour totaling $576 in 2006, 1.37 attorney hours at $165 per hour totaling $226.05 in 2007, 2 attorney hours at $165 per hour totaling $330 in 2008, and 3 paralegal/law clerk hours at $100 per hour totaling $300.

Plaintiff bears the burden of demonstrating that the fees he requests are reasonable. *See Hensely v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff argues that the time spent litigating this case (87.72 hours of attorney time and 3 hours of paralegal time) was reasonable and efficient. The Commissioner does not contest the attorney hourly rates submitted by Plaintiff, recognizing that the rates accurately reflect the statutory maximum of $125.00 per hour, adjusted for cost of living. *See* 28 U.S.C. § 2412(d)(2)(A). The Commissioner does, however, raise three challenges to Plaintiff's fee calculation. The Court will address each in turn.

The Commissioner first contends that the amount of hours Plaintiff spent litigating this case was excessive and disproportionate to the hours approved in comparable cases. The Commissioner argues additionally that the issues before the Court were not complex or novel issues of law, and Plaintiff's counsel, who is experienced in the field of Social Security litigation, has not explained why he had four different attorneys bill so many hours on a "routine" case.

Several considerations suggest that the Court should reduce the number of hours included in Plaintiff's fee award. The Court acknowledges that the amount of hours spent on this case (90.72) outnumbers the hours that have been approved in comparable cases in this circuit. *See, e.g.*, *Bailey v. Barnhart*, 473 F.Supp.2d 842, 853 (N.D. Ill. 2006) (67.7 hours); *Rohan v. Barnhart*, 306 F.Supp.2d 756, 774 (N.D. Ill. 2004) (43.4 hours); *Samuel v. Barnhart*, 316 F.Supp.2d 768, 783 (E.D. Wis. 2004) (61.05 hours). That may be because the vast majority of the work in this case was performed by a brand-new associate, Violet Borowski. (Borowski's resume notes that her full-time employment at Plaintiff's firm began in October 2004, the same month in which she began billing hours for this case.) The Commissioner identifies one case in which counsel was awarded 88.52 hours, *Embry v. Barnhart*, No. 02 C 3821, 2003 WL 22478769, at *4 (N.D. Ill. Oct. 31, 2003), but claims that the issues in that case were more complicated than the issues before the Court here. The Commissioner's observation aside, the Court is more compelled by the fact that 55.05 of the 88.52 hours awarded in *Embry* were attributed to paralegal and law clerk time and were therefore billed at a lower rate. *See id.* Here, only 3 out of the total 90.72 hours claimed are attributed to a paralegal.

Although comparisons between this and other similar cases suggest that the Court should reduce the hours used to calculate Plaintiff's fee, the Court acknowledges several countervailing considerations. The Court discounts the Commissioner's argument that it was unnecessary for four different attorneys to work on this "routine" case. In fact, 74.47 of the 87.72 attorney hours expended are attributable to one first-year associate—Borowski. The other three attorneys contributed a combined total of 13.25 hours, mostly overseeing Borowski. Overall, this case involved cross-motions for summary judgment and three primary arguments as to the ALJ's errors. Plaintiff's arguments were briefed comprehensively, and they ultimately proved

successful. Given all of these considerations, the Court reduces the hours awarded from 87.72 to 77.72 hours, removing 10 hours from Plaintiff's bill for 2004.

Next, the Commissioner contends that Plaintiff's request for an hourly rate of $100 for paralegal work performed in 2004 and 2008 is unreasonable. By considering contemporaneous cases awarding fees for paralegal work, this Court has previously determined that $80 per hour was the appropriate rate in 2004. *See Porter v. Barnhart*, No. 04 C 6009, 2006 WL 1722377, at *4 (N.D. Ill. Jan. 19, 2006) (citing cases). Based on comparable cases awarding fees for paralegal work in 2008, the Court finds that Plaintiff's requested rate of $100 per hour is reasonable. *See Johnson v. McMahon*, No. 05-C-0129-C, 2007 WL 5614102, at *6-8 (W.D. Wisc. Feb. 13, 2007) (awarding $100/hour for contemporaneous work by the same paralegal after thoroughly considering her experience and comparable cases); *see also Evans v. Astrue*, No. 3:07-CV-290-TLS, 2008 WL 5235993, at *8 (N.D. Ind. Dec. 12, 2008) (awarding $100/hour for work performed by law clerk). Accordingly, the Court calculates the fee for paralegal work as follows: 1 hour at $80/hour in 2004 and 2 hours at $100/hour in 2008 totaling $280.

Finally, the Commissioner objects to 1.4 attorney hours that he believes were spent on purely clerical tasks and should therefore be deducted from Plaintiff's award. The Commissioner objects specifically to the following entries on Plaintiff's bill: (1) 10/24/06—staff attorney HA billed 0.40 hours to check ECF, e-mail final changes, and convert and e-file sur-reply; (2) 10/25/06—staff attorney HA billed 0.50 hours to "email finals to office;" (3) 2/14/05—staff attorney VHB billed 0.25 hours to verify page numbers; (4) 2/15/05—staff attorney VHB billed 0.25 hours to file an exhibit and draft a notice of filing. The Court agrees that these hours are clerical in nature and therefore deducts them from Plaintiff's award.

The Court calculates Plaintiff's fee award as follows: 27.25 attorney hours at $151.25 per hour totaling $4,121.56 in 2004, 45 attorney hours at $156.25 per hour totaling $7,031.25 in 2005, 2.7 attorney hours at $160 per hour totaling $432 in 2006, 1.37 attorney hours at $165 per hour totaling $226.05 in 2007, 2 attorney hours at $165 per hour totaling $330 in 2008, 1 paralegal hour at $80 per hour in 2004, and 2 paralegal hours at $100 per hour in 2008. In total, the Court awards Plaintiff $12,420.86.

## CONCLUSION

For the reasons stated above, the Court awards Plaintiff Antoine Khoury attorneys' fees in the amount of $12,420.86.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** December 8, 2010